**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4705

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER PAUL WATSON,

Defendant - Appellant.

No. 06-4706

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER PAUL WATSON,

Defendant - Appellant.

Appeals from the United States District Court for the Southern District of West Virginia, at Beckley. Joseph Robert Goodwin, District Judge. (5:97-cr-00059)

Submitted: October 31, 2006          Decided: November 3, 2006

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

No. 06-4705 affirmed; No. 06-4706 dismissed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Joanne Vella Kirby, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Roger Paul Watson appeals the district court's orders modifying his conditions of supervised release to include the conditions that, upon his release, he be subject to Global Positioning System ("GPS") electronic monitoring (Appeal No. 06-4705) and spend three months at a halfway house (Appeal No. 06-4706). For the following reasons, we affirm Appeal No. 06-4705 and dismiss Appeal No. 06-4706.

We review the imposition of special conditions of supervised release for abuse of discretion. See United States v. Dotson, 324 F.3d 256, 259 (4th Cir. 2003). Although a sentencing court must impose various statutorily required conditions of supervised release, see 18 U.S.C.A. § 3583(d) (West 2000 & Supp. 2006), it also enjoys substantial latitude to "impose any other condition it considers to be appropriate, as long as that condition is 'reasonably related' to [the] statutory factors referred to in § 3583(d)(1)." Dotson, 324 F.3d at 260 (quoting 18 U.S.C.A. § 3583(d)(1)). Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2006); providing adequate deterrence, 18 U.S.C.A. § 3553(a)(2)(B); and "protect[ing] the public from further crimes of the defendant," 18 U.S.C.A. § 3553(a)(2)(C). Additionally, a special condition must "involve[ ] no greater deprivation of liberty than is reasonably

- 3 -

necessary" to achieve its intended purpose.  18 U.S.C.A. § 3583(d)(2).

Watson began his period of supervised release on June 25, 2006.  Because the ninety-day period Watson was required to stay at a halfway house following his release has concluded, we dismiss as moot his appeal of the order challenging the imposition of this condition in Appeal No. 06-4706.[*]  With respect to the condition imposing GPS monitoring, we have reviewed the parties' briefs, a transcript of the hearings, and the other materials submitted on appeal and conclude that the district court did not abuse its discretion in imposing the condition.  Accordingly, we affirm the district court's order in Appeal No. 06-4705.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 06-4705, <u>AFFIRMED</u>
No. 06-4706, <u>DISMISSED</u>

---

[*]We note that, by subsequent order entered August 15, 2006, the district court further modified this condition to require Watson to serve the remainder of the ninety days on home confinement, as soon as he secured a suitable, independent residence.